

09-CV-00313-ORD

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| BOARD OF TRUSTEES OF THE MASONRY SECURITY PLAN OF WASHINGTON, et al., <br><br> Plaintiffs, <br><br> v. <br><br> ETHAN ENTERPRISES, INC., a Washington Corporation, <br><br> Defendant. | Case No. 09-cv-0313-JLR <br><br> ORDER DENYING MOTION TO QUASH SUBPOENA |

This matter is before the Court for consideration of Defendant's motion to quash subpoena. Dkt. No. 1. The Court has considered the motion, Plaintiffs' response, the governing law and the balance of the record. For the reasons set forth below, Defendant's motion to quash subpoena, Dkt. No. 1, is DENIED. Defendant's request for sanctions, Dkt. No. 1 at 2, is also DENIED. However, Plaintiffs are directed to serve copies of all future subpoenas in this action on Defendant Ethan Enterprises and interested party Gregory Tift.

## DISCUSSION

Defendant Ethan Enterprises, through its corporate officer Gregory Tift, has filed a motion to quash a subpoena issued by Plaintiff Trusts (judgment creditors) to David Tuttle, counsel for certain Trusts (also judgment creditors) in a separate but related action against

Ethan Enterprises and Mr. Tift. *See* Case No. 06-cv-0657-RSM. Because of discovery in that action, certain Trusts possess documents concerning Mr. Tift's personal financial information. The subpoena at issue here requests that Mr. Tuttle turn over those documents to the judgment creditors in this action. *See* Case No. 08-mc-0069-JPD.[1] Mr. Tift seeks to quash the subpoena because it was not served on him and Defendant Ethan Enterprises.

The court in the related 06-cv-0657-RSM action issued a protective order which directed that, among other things, "there shall be no disclosure of confidential personal or financial information to any third party, apart from the Judgment Creditors' legal counsel and involved representatives of the Judgment Creditors themselves . . . ." Case No. 06-cv-0657-RSM, Dkt. No. 22. That protective order recognizes the privacy interest that Mr. Tift has in the documents being sought by the subpoena at issue here.

The court later granted in part a motion for relief from protective order brought by the plaintiff Trusts (*i.e.*, the Judgment Creditors) in that action so that they could respond to a subpoena duces tecum brought by the judgment creditors in this action, Case No. 08-cv-069-JPD. *See* Case No. 06-cv-0657-RSM, Dkt. No. 45. While Ethan Enterprises and Mr. Tift did not oppose that motion for relief from protective order, undoubtedly the court recognized in granting the unopposed motion that counsel for the judgment creditors in this action (who had served the subpoena duces tecum then at issue) were entitled to the financial information in the possession of the judgment creditors' counsel in that action. Indeed, the court stated that "Disclosure shall be limited to counsel for the judgment creditors in Cause No. M08-069JPD . . . ." *Id.* The Court sees no reason, and Ethan Enterprises and Mr. Tift do not put forth any reason, why the result should be different now. Accordingly, Defendant's motion to quash

---

[1] The underlying action is Case No. 08-mc-0069-JPD. However, a separate case number was assigned by the Clerk of the Court for Defendant's instant motion to quash. *See* Dkt. No. 09-mc-0035-JLR. Once Plaintiffs opposed the motion, the Clerk of the Court assigned a civil case number for the motion to quash. *See* 09-cv-0313-JLR.

ORDER
PAGE - 2

subpoena, Dkt. No. 1, is DENIED. In addition, Defendant's request for sanctions, Dkt. No. 1 at 2, is DENIED.

While the Court holds that Ethan Enterprises and Mr. Tift have not demonstrated sufficient grounds to quash the subpoena, the Court finds that Mr. Tift's objection to the issuance of the subpoena without service on him and Ethan Enterprises is well-founded, as he has a privacy interest in the records being sought by the subpoena. Indeed, there is a protective order in place regarding these records in a related action, see Case No. 06-cv-0657-RSM, Dkt. No. 22, and there is precedent for the judgment creditors in the 06-cv-0657-RSM action seeking relief from the protective order to respond to a subpoena from the judgment creditors in this action. Mr. Tift may wish to seek to enforce his rights under the protective order in the future; however, if he has no knowledge of if and when certain creditors are seeking documents, he is unable to enforce those rights. Accordingly, Plaintiffs are directed to serve copies of all future subpoenas in this action on Defendant Ethan Enterprises and interested party Mr. Tift.

(2) The Clerk is directed to send a copy of this Order to all counsel of record and the Honorable James P. Donohue.

DATED this 31st day of March, 2009.

JAMES L. ROBART
United States District Judge

Recommended for entry this
31st day of March, 2009

s/ JAMES P. DONOHUE
United States Magistrate Judge

ORDER
PAGE - 3